STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PENSC-REA-2022-00031

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST AS
TRUSTEE FOR PNPMS TRUST III

PLAINTIFF

v.

FREDA E. RYAN

DEFENDANT(S)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JUDGMENT OF FORECLOSURE AND SALE
## TITLE TO REAL ESTATE IS INVOLVED

734 Dodlin Road, West Enfield, Maine 04493
Penobscot County Registry of Deeds Book 11104, Page 135

Upon notice and after trial, the Court finds as follows:

1.    The Plaintiff is the owner and holder of a certain Note and Security Agreement in the original principal amount of $17,572.52 given by Phillip M. Ryan Sr. and Freda E. Ryan to CitiFinancial, Inc. (the "Note"). The Plaintiff is the owner and mortgagee of record of a mortgage recorded in the Penobscot County Registry of Deeds in Book 11104, Page 135 (the "Mortgage"), affecting real property located at 734 Dodlin Road, West Enfield, Maine 04493 more particularly described in the legal description attached to the Mortgage (the "Premises").

2.    Freda E. Ryan is the owner of certain real property located at 734 Dodlin Road, West Enfield, ME, by virtue of a deed from David W. Jones and Mary Ann Jones to Phillip M. Ryan, Sr. and Freda E. Ryan, as joint tenants, dated August 23, 1985 and recorded in the Penobscot County Registry of Deeds on August 23, 1985 in Book 3708, Page 165. Upon information and belief Phillip M. Ryan, Sr. died on April 29, 2014, leaving Freda E. Ryan as surviving joint tenant.

1

3. The Mortgage was assigned as follows:

- Assignment from CFNA Receivables (MD), Inc. F/K/A Citifinancial, Inc. to Citifinancial Servicing LLC dated January 3, 2017 recorded on January 10, 2017 in Book 14384, Page 103.

- Assignment from CitiFinancial Servicing, LLC to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust dated January 3, 2017 recorded on January 10, 2017 in Book 14384, Page 104.

- Assignment from CFNA Receivables (MD), Inc F/K/A CitiFinancial, Inc. to CitiFinancial Servicing, LLC dated February 1, 2017 recorded on February 10, 2017 in Book 14408, Page 29.

- Assignment from Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity but solely in its capacity as owner trustee for WF 19 Grantor Trust to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as Trustee for PNPMS Trust III dated April 9, 2021 recorded on April 20, 2021 in Book 15988, Page 151.

4. There has been a breach of the conditions of said Mortgage as a result of a default on the Note secured thereby.

5. Defendant has not answered or otherwise appeared in this action, and mediation thus is not required by 14 M.R.S. § 6321-A.

6. As of January 19, 2024, the following amounts, exclusive of fees and costs for preparation for and attendance at trial, are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| Principal Balance | $11,341.45 |
| Accrued Interest | $11,841.61 |
| Property Inspection Fees | $24.00 |
| Property Preservation Fees | $135.00 |
| Property Registration | $95.00 |
| Prior Firm Attorney Fees & Costs/Current Foreclosure | $308.96 |
| Title Advances | $471.00 |
| Attorney's Fees and Costs | $3,331.74 |
| Total | $27,548.76 |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 14.7072% per annum in accordance with the Note and 14 M.R.S. §§ 1602-B and 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of the Mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

7. The order of priority of any party appearing in this action is as follows:

First Priority: The Mortgage held by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III recorded in the Penobscot County Registry of Deeds in Book 11104, Page 135. The amount due the Plaintiff is as set forth above.

8. The following parties were named in this action but did not answer or otherwise appear:

Freda E. Ryan.

9. There are no public utility easements affected by this action.

10. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

a. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III
c/o Statebridge Company, LLC
6061 S. Willow Drive, Suite 300
Greenwood Village, CO 80111

Counsel: Robert Jackson, Esq., #4496
Korde & Associates, P.C.
707 Sable Oaks Dr., Suite 250
South Portland, ME 04106
(207) 775-6223

b. Freda E. Ryan
115 Morrison Avenue
Clinton, ME 04927

Counsel: Unknown

11. The docket number for this action is PENSC-REA-2022-00031.

3

12. All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III. If Freda E. Ryan does not pay to the Plaintiff, its successors and assigns, the amount of the Plaintiff's total claim due as set forth above within the statutory 90-day period of redemption established by 14 M.R.S. § 6322, then Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

First, to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III, its successors and assigns, as set forth above;

Second, the surplus proceeds, if any, to the Clerk of Court for the benefit of Freda E. Ryan in accordance with 14 M.R.S. § 6324.

b. No writ of execution for any deficiency shall issue against Freda E. Ryan as she did not execute the Note as an obligor.

c. All remaining rights of the Freda E. Ryan to possession shall terminate upon expiration of the statutory ninety (90) day redemption period. If Freda E. Ryan has not redeemed the mortgage by that date, Freda E. Ryan is ordered to vacate the real estate at that time, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same

d. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

e. If an appeal is not filed and the Clerk has so certified, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust III shall be responsible for recording an attested copy of this judgment in the Penobscot County Registry of Deeds and paying the recording fee.

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: 01/22/2024

_____
Justice, Superior Court

Entered On:

Entered on the docket: 01/29/2024

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.

Dated: _____

_____
Clerk of Court

22-001085